**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

UNITED STATES OF AMERICA              CRIMINAL ACTION NO. 22-00051

VERSUS                               JUDGE S. MAURICE HICKS, JR.

TIMOTHY DEWAYNE VASHER               MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Before the Court is a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Record Document 68) filed by Defendant, Timothy Dewayne Vasher ("Vasher"). Vasher also filed a supporting memorandum. See Record Document 72. The United States filed a response in opposition. See Record Document 73.

On August 29, 2022, pursuant to a written plea agreement, Vasher pleaded guilty to possession with intent to distribute marijuana and possession of a firearm in furtherance of a drug trafficking crime. See Record Documents 34 & 36. According to the factual basis, law enforcement officers stopped a vehicle driven by Vasher and recovered multiple baggies of marijuana, a loaded Glock pistol located within Vasher's reach inside the vehicle, and a loaded AR-15 style pistol with a 50 round drum magazine located in the trunk. See Record Document 36-2.

On December 16, 2022, the Court sentenced Vasher to one day of imprisonment as to Count One and 120 months of imprisonment as to Count Two, to run consecutively, for a total sentence of 120 months and one day. See Record Documents 45 & 46. Vasher did not file a direct appeal.

Vasher filed the instant Motion under 28 U.S.C. § 2255 challenging his conviction under 18 U.S.C. § 924(c). See Record Document 68. Vasher argues that under New York

State Rifle & Pistol Association v. Bruen, 142 S. Ct. 2111 (2022), Section 924(c) is unconstitutional as applied to him because his conduct allegedly falls within the Second Amendment's protection. See Record Documents 68 & 72. Vasher also argues that he is "actually innocent" of the Section 924(c) offense. See Record Document 72 at 6.

A motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255 is subject to a one-year statute of limitations. The limitations period runs from the latest of four possible dates, including "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). A conviction becomes final when the time for filing a direct appeal expires. See Clay v. United States, 537 U.S. 522, 527 (2003). When a defendant does not file a notice of appeal, finality attaches upon the expiration of the fourteen-day period for filing a direct appeal under Federal Rule of Appellate Procedure 4(b). See United States v. Plascencia, 537 F.3d 385, 388 (5th Cir. 2008).

In this matter, the Court entered judgment on December 16, 2022 (Record Document 46). Because Vasher did not file a direct appeal, his conviction became final fourteen days later, when the time for filing a notice of appeal expired. Accordingly, the one-year limitation period for filing a motion under § 2255 expired on December 30, 2023. Vasher did not file the instant Motion until January 22, 2025. See Record Document 68. Thus, the Motion is untimely.

The statute provides alternative dates for the limitations period, including the removal of a governmental impediment, the recognition of a newly established right made retroactively applicable by the Supreme Court, or the discovery of new facts through due diligence. See 28 U.S.C. § 2255(f)(2)–(4). Here, the record does not reflect any facts that would trigger the application of these alternative provisions.

Although Vasher relies heavily on <u>Bruen</u>, that decision does not render his motion timely. <u>Bruen</u> was decided on June 23, 2022, prior to Vasher's guilty plea and conviction, and courts have consistently recognized that <u>Bruen</u> has not been made retroactively applicable on collateral review. <u>See</u> <u>United States v. Heard</u>, No. 20-CR-0291, 2025 WL 562725, at *2 (W.D. La. Feb. 19, 2025).

A defendant can overcome the one-year bar by establishing a claim of "actual innocence." <u>See</u> <u>McQuiggen v. Perkins</u>, 569 U.S. 383, 386 (2013). Actual innocence refers to factual innocence, not legal innocence. <u>See</u> <u>Johnson v. Hargett</u>, 978 F.2d 855, 859-60 (5th Cir. 1992). To argue actual innocence, Vasher must at least allege facts showing that either he did not actually engage in the conduct for which he was convicted or the conduct he engaged in is no longer criminal. <u>See</u> <u>Heard</u>, 2025 WL 562725, at *3. Vasher has not done so here. He does not dispute the underlying conduct giving rise to his conviction; rather, he argues that Section 924(c) is unconstitutional as applied to him under <u>Bruen</u>.

Even if Vasher's motion was timely, his claims fail on the merits. In <u>Bruen</u>, the Supreme Court held that the Second Amendment protects the right of ordinary, law-abiding citizens to carry firearms for lawful self-defense. <u>Bruen</u> did not hold that individuals possess a constitutional right to carry firearms in furtherance of drug trafficking crimes. Section 924(c) criminalizes the possession of firearms in furtherance of unlawful conduct, not lawful self-defense activity protected by the Second Amendment. <u>See</u> <u>U.S. v. Charles</u>, No. 6:21-CR-00154-01, 2023 WL 6358688, at *3 (W.D. La. Sept. 28, 2023). Accordingly, Section 924(c) remains constitutional both facially and as applied to Vasher.

3

Finally, to the extent that Vasher attempts to challenge the validity of his conviction through a claim that could have been raised on direct appeal, such claim is procedurally barred. Following conviction and exhaustion or waiver of the right to appeal, a defendant "stands fairly and finally convicted." United States v. Shaid, 937 F.2d 228, 231–32 (5th Cir. 1991) (quoting United States v. Frady, 102 S. Ct. 1584, 1592 (1982)). If a claim is not raised on direct appeal, a Section 2255 movant "may not raise it on collateral review unless he shows cause and prejudice or that he is actually innocent." United States v. Scruggs, 691 F.3d 660, 666 (citation omitted). Vasher has failed to establish either.

Accordingly,

**IT IS ORDERED** that Vasher's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Record Document 68) is **DENIED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 13th day of May, 2026.

JUDGE S. MAURICE HICKS, JR.
UNITED STATES DISTRICT COURT

4